CITIZENS DISCOUNT & INVESTMENT CO. v. MICHON & LATERRIERE

(October 17, 1927.   Opinion and Decree.)

(*Syllabus by the Court*)

ON MOTION TO DISMISS

1. Louisiana Digest—Appeal—Par. 10, 568. Where no appeal has been taken from a judgment of the trial court dismissing an appeal, there is nothing for the Appellate Court to consider, the appeal having been dismissed.

Appeal from the Civil District Court, Div. "A", Hon. Hugh C. Cage, Judge.

Action by Citizens Discount & Investment Company against William J. Michon and Charles A. Latterriere and Michon & Latterriere.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

Edwin F. Marx, of New Orleans, attorney for plaintiff, appellee.

Jones T. Prowell, of New Orleans, attorney for defendant, appellant.

ON MOTION TO DISMISS

WESTERFIELD, J.   The motion to dismiss this appeal is based upon the following allegations:

"That the bond furnished in this cause by appellants is materially defective and, in fact, no bond at all."

It appears that a motion to dismiss was filed in the lower court and after a hearing was maintained in a judgment rendered July 22, 1927.   Thereafter a devolutive appeal, (the former appeal was suspensive), was perfected.   We are now concerned only with the suspensive appeal.

It is obvious that there is no suspensive appeal before us, because such appeal was dismissed by the District Court.   If counsel desired to have the action of the court in dismissing the appeal reviewed, an appeal should have been taken from the judgment dismissing the appeal.   This was not done and the judgment is now final, or at least not subject to a suspensive appeal.

In Rousseau vs. T. & P. R. R., 2nd La. App. 280, this court said:   "We are of opinion that motions to dismiss appeals on such grounds as are now raised (insufficient bond) in the instant case should be first tried and considered in the trial court, from which the appeal is taken, and that an appellate court should only consider such questions when same are presented on appeal regularly taken from a judgment granting or dismissing such motions, unless the exceptions pointed out in the Hurry case (Hurry vs. Hurry, 144 La. 877, 81 South. 378), are made to appear by record disclosures."

Our conclusions are that the suspensive appeal can not be considered having been dismissed by the lower court and no appeal taken from that judgment.